IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYLAND DEE KIRKLAND,   No. CIV S-02-1266-RRB-CMK-P

    Petitioner,

vs.   ORDER AFTER REMAND

D.K. BUTLER, et al.,

    Respondents.

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is now before this court on remand from the Ninth Circuit Court of Appeals.

        This case was dismissed on September 26, 2005, for petitioner's failure to exhaust his state remedies. Petitioner's amended habeas petition raised two claims: a due process violation for the prosecutor's refusal to disclose a video showing El Dorado County Jail Guards beating petitioner on May 5, 2000 and ineffective assistance of counsel for failing to obtain the this video. On January 5, 2006, this court ordered both parties to produce any video or portions of videos from the El Dorado County Jail on May 5, 2000, which showed petitioner. These videos were lodged by both parties on January 18, 2005. As a result, this court found these videos constituted new evidence because the videos were thought not to exist when petitioner filed his state habeas petitions. Therefore, this court dismissed petitioner's federal habeas for

1  failure to exhaust his state remedies.

2          Petitioner appealed this decision to the Ninth Circuit Court of Appeals.  With a
3  citation to James v. Pliler, 269 F.3d 1124 (9th Cir. 2001), the Ninth Circuit vacated this court's
4  judgment and remanded the case to this court with the direction that this court reinstate the
5  petitioner's habeas corpus petition and stay the proceedings while petitioner returns to state court
6  to exhaust his claims.

7          In James v. Pliler, the Ninth Circuit held that "district courts must advise pro se
8  habeas petitioners of their right to strike unexhausted claims." Id. at 1126 (citing Tillema v.
9  Long, 253 F.3d 494 (9th Cir. 2001)); but see Pliler v. Ford, 542 U.S. 225.  The Ninth Circuit
10 directed this court to stay proceedings pending exhaustion of claims in state court.   These
11 proceedings are, therefore, hereby stayed.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1.      Pursuant to the Ninth Circuit's judgment vacating and remanding, these
14 proceedings are stayed pending exhaustion in state court;

15          2.      Petitioner shall file a motion to lift the stay within 30 days of the
16 conclusion of state court proceedings;

17          3.      The Clerk of the Court is directed to update the docket to reflect that the
18 Ninth Circuit vacated the September 26, 2005, judgment (Doc. 90); and

19          4.      The Clerk of the Court is directed to update the docket to reflect that this
20 matter is reopened but is hereby stayed.

  DATED:   January 24, 2008

                                              _____
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE